## WILLIAMS *vs.* GILCHRIST.

Where a member of a firm, without the assent or authority of his partners, affixed the signature of the firm to a note, in payment of a prior note of his own, signed by himself, and surety—*Held*, that such new note was wholly void as against such partners.

Also, that the original note remained undischarged by such attempted payment, and that its amount might be recovered in an action against the principal and surety for money had and received.

Such attempted arrangement operates as no delay of payment, and will not exonerate the surety.

Where an individual intends to contest the authority or competency of a party to affix the signature to a note, he should give notice on the record, at the first term of court, that the signature is denied; otherwise it will be regarded as admitted to be executed by competent authority.

ASSUMPSIT, on a promissory note of December 8, 1837, for $150, drawn payable to the plaintiff, or order, on demand, with interest annually, signed " Brewer, Gilchrist & Harvey."

The plaintiff declared in two counts, alleging in the first count that the defendants subscribed the note by the name of " Brewer, Gilchrist & Harvey." The second count was for two hundred dollars money had and received.

It appeared in evidence that in March, 1837, Ira Harvey, one of the defendants, borrowed of one Jacob Williams $135, payable in eight months, with interest ; gave his note for that amount, and procured John Gilchrist, the other defendant, to sign with him as his surety. Williams sold the note to the plaintiff, informing him, at the time of the sale, that Gilchrist was a surety upon the note. Some time after this, a Mr. Brewer entered into partnership with the defendants, in the business of making pails, under the name and firm of Brewer, Gilchrist and Harvey.

After the note had fallen due, the plaintiff called on Harvey for payment. Harvey informed Gilchrist that he was called upon to pay the note, and said he had no money to pay it with. Gilchrist told him he must either pay it or get it renewed. Harvey, without any authority, or leave of the firm, or Gilchrist, gave the note described in the first count in payment of the previous note signed by him and Gilchrist, and for the sum of ten dollars in money received by him on giving the new note.

Service of the writ was made only upon Gilchrist, Harvey being without the state. No notice was given by the defendant, under the ordinary rule, that the signature of the note would be denied.

The defendant Gilchrist contended that the note declared on was void, it having been given without authority, and could not bind him, and that the previous note was taken up and discharged.

The plaintiff contended that the defendant, not having denied the signature of the note at the first term of the court, was not at liberty to deny on trial but what the signature was properly placed there with the competent authority, and that the plaintiff was for this reason entitled to judgment on the note. But the court overruled this exception.

Williams *v.* Gilchrist.

The plaintiff then relied upon his second count, and claimed to recover for money had and received on the first note, the same never having been taken up by any valid payment; and it was agreed that verdict should be taken for the plaintiff for the amount of the note declared on, and interest; subject to be amended and judgment rendered for the amount of the first note and interest, or to be set aside and judgment entered for the defendant, if the court should so direct.

*Livermore,* for the defendant, cited various authorities to show that the note declared on bound the signer, though he signed the name of the firm. He also contended that the plaintiff, by declaring on the last note, affirmed it, and must rely upon it to the discharge of the original note.

*Goodall,* for the plaintiff. The plaintiff can clearly recover for the old note or debt, unless it has been properly taken up. 6 *Mass.* 182, *Young* vs. *Adams ;* 2 *Johns.* 455, *Markle* vs. *Hatfield ;* 4 *N. H. Rep.* 492, *Grafton Bank* vs. *Hunt ;* 4 *Gill & Johns.* 263, *Keene* vs. *Thompson.* The new note was fraudulent and void, and the old note necessarily remained in force.

The old note remaining in force, no delay can have been given to exonerate the surety.

UPHAM, J.* In this case, the suit is brought against Gilchrist & Harvey, but the note declared upon bears the signature of the firm of Brewer, Gilchrist & Harvey. Notwithstanding this, the plaintiff does not claim to hold the firm, but declares that the defendants, by their note, by them subscribed, by the name of Brewer, Gilchrist & Harvey, promised the plaintiff, &c. The declaration is an admission that the firm, whose partnership name is subscribed to the note, did not execute it, but that it was the promise and act solely of Gilchrist & Harvey, and binding on them alone.

---

* WOODS, J., having been of counsel, did not sit.

Were the allegation sustained that these defendants both participated in giving the note, it would be immaterial what signature they affixed ; they would be bound by their promise under whatever name they chose to assume. 4 *N. H. Rep.* 239, *Grafton Bank* vs. *Flanders.*

But the case shows clearly that the signature, Brewer, Gilchrist & Harvey, was affixed to the note by Harvey, without Gilchrist's knowledge, act, or assent, and Gilchrist is in no manner bound by it. Had the declaration been against Harvey alone it might have been sustained, but it cannot be sustained against them jointly. The suit, therefore, so far as it is founded upon the note, fails entirely.

But there is also in the declaration a count for money had and received, and the plaintiff claims to hold the defendants on this count to recover the consideration of a former note signed by Harvey as principal, and Gilchrist as surety. This note, if produced, would sustain the count for money had and received. It is disclosed, however, in evidence, that the note has been given up by the plaintiff, who was the endorsee of the note, to Harvey, the principal, and has been cancelled and destroyed; and that the note declared on in the first count was received by the plaintiff in payment of it.

The new note, however, was received as payment by the firm, whose name purported to be affixed to it ; but their name not having been legally affixed to it, the note was wholly void as against them, and being so, could not operate as a discharge or payment of the first note. The exchange is wholly inoperative, and the plaintiff has the same right to recover on the original note as though it had never been surrendered.

It is hardly necessary to cite authorities to this point. In the case, *Manufacturers & Mechanics Bank* vs. *Gore*, 15 *Mass. R.* 75, it was holden that where one of two co-partners obtained money on a note payable at a future day, signed by him with the name of a firm, with a forged en-

dorsement of a third person, the lender was entitled, on discovering the forgery, to an action for money had and received, even before the maturity of the note, against the parties to whose use the money had gone. This was on the ground that the note, being in part a forgery, was wholly void, and the plaintiff might recover precisely as on delivery of money to the firm payable on demand.

Where a payment of a note is made in counterfeit bank bills, the payee may recover of the promiser the amount of such bills in an action for money had and received ; that is, he may go back to the original consideration of the note, on the ground that it is undischarged. 6 *Mass. R.* 182, *Young* vs. *Adams ;* 2 *Johns.* 455, *Markle* vs. *Hatfield ;* 9 *N. H. Rep.* 365, *Fogg* vs. *Sawyer ;* 10 *N. H. Rep.* 505, *Jaffrey* vs. *Cornish.*

There is no doubt on this point ; but it is contended that Gilchrist, being a surety upon the note, there was here a farther day of payment given, and that he should be discharged for that reason.

It is perhaps a sufficient answer to this to say, that in this case the plaintiff retained the liability of the surety on the new note, or at least so supposed. There was no intention to discharge the surety, by taking other names merely. The plaintiff supposed he held the surety still liable ; and farther, both notes were payable on demand, so that there was no agreement for delay, and no time when suit might not have been brought immediately upon the claim. We think, therefore, the surety has not been discharged on this account.

It is said that the surety is prejudiced by these proceedings, inasmuch as he is now deprived of the means of obtaining his note, to pursue his remedy upon it against the principal. It would doubtless be a convenience for him to take up the note, and exhibit it in evidence against the principal ; but casualties are of frequent occurrence, by which notes are lost or destroyed, so that they cannot be surrendered on payment ; and we know of no rule of law that

gives any greater right in this respect to the surety than to the principal.

It appears from the case, that the signature of the note declared on was not denied at the first term of the court. The rule upon this subject is, that " the signature and endorsement of any instrument on which the plaintiff shall declare, will be considered as admitted, unless notice shall have been entered upon the docket at the first term of the court that they are to be disputed."

In this case the name, though affixed by a member of the firm, was placed there without any authority of the firm, for a debt for which they were not responsible. The note was, therefore, wholly void as against them, and the signature should have been denied on the ground that it was not placed there by competent authority.

The court incorrectly permitted the evidence to be received without such notice. It, however, operated as no essential prejudice to the plaintiff, as he was merely thrown back upon his other count, and recovered under that his whole claim, except for a trifling difference in the amount, which in fact did not exist, against the only responsible defendant in the suit.

According to the agreement in the case, judgment should be rendered on the verdict for the amount of the first note and interest.

*Judgment on the verdict for the plaintiff.*